IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JEREMIAH SHORT,** | § | **CIVIL ACTION NO.: 4:21-cv-1182** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **JURY DEMANDED** |
| **KLEIN INDEPENDENT SCHOOL DISTRICT** | § § § | |
| **Defendant.** | | |

___

**PLAINTIFF JEREMIAH SHORT'S ORIGINAL COMPLAINT**
___

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Jeremiah Short (hereinafter referred to as "Plaintiff") in the above-referenced matter, complaining of and about Klein Independent School District (hereinafter referred to as "KISD" or "Defendant"), and files this Original Complaint, showing the following to the Court:

### I.   PARTIES

1. Plaintiff Jeremiah Short is an individual residing in Harris County, Texas. Plaintiff was employed by Defendant, who conducts business in Harris County, Texas. Plaintiff is a citizen of the State of Texas and of the United States.

2. Defendant, Klein Independent School District ("KISD"), is government entity that is part of the State of Texas doing business in Harris County, Texas. Defendant may be served with process by serving KISD's Superintendent, Dr. Jenny McGown, at 7200 Spring Cypress Rd., Klein, Texas 77379. **Plaintiff has served Defendant with a waiver of summons at this time.**

## II.     JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under the following federal statutes: (a) Title VII of the Civil Rights Act of 1964 (as amended) (which is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII").

4. Additionally, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act (which is codified in Chapter 21 of the Texas Labor Code, including Texas Labor Code § 21.001 et seq.) (hereinafter referred to as the "TCHRA") because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5. Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(a), because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## III.     NATURE OF THE ACTION

6. This is an action brought pursuant to Title VII and the TCHRA on the grounds that Plaintiff was discriminated and retaliated against because of Plaintiff's race (i.e., African-American). The action is to correct and recover for Defendant's unlawful employment practices on the basis of Plaintiff's race, including the discrimination and retaliation based on Plaintiff's protected activities that involved her race and complaints about the racial discrimination and retaliation.

7. Additionally, Plaintiff files this action pursuant to 42 U.S.C. § 1981 to correct and recover for Defendants' unlawful employment practices on the basis of Plaintiff's race.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On May 27, 2020, Plaintiff filed a Charge of Discrimination (Charge No. 460-2020-04200) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") against Defendant for race discrimination, age discrimination, and retaliation. (See Exhibit 1, which is attached hereto and incorporated by reference).

9. Subsequently, the EEOC issued Plaintiff a Notice of Right Sue, dated January 15, 2021. (See Exhibit 2, which is attached hereto and incorporated by reference). Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notice. Therefore, this lawsuit is timely filed.

## V. FACTS

10. Plaintiff is a thirty-six (36) year old African-American man. In June 2018, Plaintiff was hired directly by Mr. Frank Ward to work at Krahn Elementary School, and Mr. Ward stated that he hoped Plaintiff would be able to stay on board for many years to come. Throughout Plaintiff's employment, Plaintiff reported continuous harassment and discriminatory behavior at KISD.

11. When Plaintiff began working at Krahn ES he noticed that Ms. Briana Walrath nitpicked and targeted his classroom, more than other similarly situated 4th grade teachers at the school. It appeared that Ms. Walrath either did not like Mr. Short's teaching style, or just did not like Mr. Short in general.

12. In September 2018, Plaintiff made direct complaints about how certain testing was faulty, which would cause the kids to err more frequently. The faculty had a meeting in October regarding his complaints, which only led to Plaintiff being cursed out by another similarly situated employee, yet she was never reprimanded, or given a memorandum stating that she needed

improvement communicating with other peers.

13. Shortly thereafter, Ms. Walrath placed Plaintiff on an "Intervention Plan" which targeted Plaintiff's teaching style, and his effectiveness with his classroom. KISD could not justify the issuance of the "Intervention Plan" based on Plaintiff's student performance. Thus, KISD created the "Intervention Plan" as a pretext to justify Ms. Walrath's discriminatory motive. Plaintiff denies that Mr. Ward and Ms. Walrath expended significant time coaching, directing, or evaluating him during the 2018-2019 school year.

14. During his first year, Plaintiff was constantly being evaluated by the same person, whom he felt was discriminating against him. Prior to his May 2019 evaluation, in March 2019, Plaintiff made verbal complaints to Mr. Ward directly that Ms. Walrath was harassing him, yet nothing was done to investigate into Mr. Short's allegations.

15. During the 2019-2020 school year, KISD moved Plaintiff into the second-grade classroom and given new supervisors, Leslie Kompelien, Dee Dee Murphy, and Melinda Mahan.

16. Mrs. Kompelien (Caucasian Female Campus Principal) continuously tried to intimidate Plaintiff by talking down to Plaintiff in an unprofessional manner.

17. Mrs. Kompelien and Mrs. Murphy (Caucasian Female Campus Assistant Principal), continued harassment against Plaintiff by undermining his ability to work effectively and were counterintuitive to promoting a positive learning environment for children. KISD did everything in their power to make it appear that Mr. Short was not qualified for his position, by over evaluating him, and making specific instances appear to be bigger than what they are.

18. Mrs. Kompelien and Mrs. Murphy deprived Plaintiff of being able to diligently complete work.

19. From the start of the school year of 2019 to 2020, Plaintiff had 16 walk throughs

that were informal and formal, even though, Plaintiff never had any behavior issues, had 0 office referrals, and Plaintiff's students exhibited tremendous growth daily.

20. Other similarly situated non-African American teachers would typically only have 1-3 walk throughs during an entire school year.

21. Each walk-through would be completed in roughly forty-five (45) minutes for all similarly situated non-African American teachers. However, for each of Plaintiff's walkthroughs, Mrs. Kompelien would take up to ninety (90) minutes. These actions demonstrate a discriminatory motive by Klein ISD, through its agents Mrs. Kompelien and Mrs. Murphy.

22. On one occasion, Mrs. Kompelien told Plaintiff that if he did not like the environment, Plaintiff could go somewhere else.

23. In September 2019, Plaintiff published an article titled "Why Aren't There More [of] Us?" Plaintiff has his own blog where he speaks on current events either in sports or around the world. Plaintiff broadly spoke about his experiences of being an African-American educator, and how he felt at a disadvantage based on his race.

24. Mrs. Murphy would ask Plaintiff's class suggestive questions to try to implicate Plaintiff in a negative way. Plaintiff made complaints to KISD that it was not fair to be evaluated by Ms. Murphy, given that she continued the disparate treatment against him.

25. In October 2019, Ms. Murphy continued to target Plaintiff, which forced Mr. Short to file a Level 1 complaint against Ms. Murphy by email to Mrs. Kompelien. That same day, Mrs. Kompelien completed a walkthrough/observation on Plaintiff's class, and proceeded to give him negative remarks. Mrs. Kompelien would often tell Plaintiff that the material Plaintiff was teaching was too high for 2nd grade. The same type of nitpicking assessment did not occur any other non-African American 2nd grade teacher at Krahn ES.

26. On December 1, 2019, Plaintiff sent a Letter of Concern to Klein ISD outlining the issues Plaintiff faced due to the hostile work environment.

27. On December 9, 2019 Plaintiff received a memo reprimanding him for not responding to an email, even though Plaintiff's Letter of Concern was never addressed. KISD failed to investigate or even look into Plaintiff's claims, but states that "Plaintiff never expressly stated that such treatment was because of his "race" he never alleged race discrimination, harassment, and a hostile work environment." However, it can be inferred implicitly that Plaintiff was being mistreated based on his race given that he was the only African American 2nd grade teacher.

28. On January 20, 2020, Plaintiff made a formal complaint against Mrs. Leslie Kompelien and Mrs. Dee Murphy, identifying constant harassment, verbal assault, and disparate treatment. The complaint provided details of the negative environment endured, including but not limited to being placed on a growth plan; increase in walkthroughs and negative meetings; and constant surveillance compared to other similarly situated employees. Plaintiff did not receive any resolution after providing the complaint.

29. Plaintiff was retaliated against by Mrs. Kompelien and Mrs. Murphy when he was recommended for termination on April 7, 2020.

30. A hearing was held on May 11, 2020 where the school board voted to approve Plaintiff's termination and was terminated on that same date.

## VI. CAUSES OF ACTION

### COUNT 1 - TITLE VII RACE DISCRIMINATION

31. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

32. Defendant intentionally engaged in unlawful employment practices against Plaintiff because of his race (i.e., African-American), including discrimination and retaliation.

33. Plaintiff can successfully establish his prima facie case of race discrimination under Title VII and 42 U.S.C. § 1981. As an African American man, Plaintiff is a member of a protected class. He was certainly qualified for his position, and had successfully worked as a teacher prior to being assigned to work in KISD. Further, Plaintiff suffered an adverse employment action when his employment was terminated by KISD. In addition, there is evidence that KISD's reason for termination was pretextual. KISD sought to terminate Mr. Short. based on his race, fabricate memoranda and write-ups to justify their actions.

34. Thus, KISD had no legitimate non-discriminatory reason to terminate Plaintiff. Lastly, Plaintiff can establish that his similarly situated, white counterparts were treated more favorably.

35. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or, limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect his status because of Plaintiff's race (i.e., African-American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## COUNT 2 - TCHRA RACE DISCRIMINATION

36. Plaintiff hereby incorporates by reference all the allegations contained in the above-identified paragraphs as though fully set forth herein.

37. Defendant intentionally engaged in unlawful employment practices against

Plaintiff because of his race (i.e., African-American).

38. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or, limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's race (i.e., African-American), in violation of Texas Labor Code § 21.051 et seq. As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## COUNT 3 - TITLE VII RETALIATION

39. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

40. Plaintiff asserts on multiple occasions he made complaints about disparate treatment, yet KISD failed to conduct a thorough investigation, and automatically assumed his claims lacked merit. Those complaints should be construed as *protected activity* under Title VII. Within days of notice, Plaintiff was given written memoranda regarding specific issues, in which KISD attempted to create pretext for his subsequent termination. KISD's actions were in a direct response to cover up their discriminatory animus.

41. The close timing between the protected activity and the adverse action against Plaintiff creates a causal connection between the two.

42. Defendant intentionally retaliated against Plaintiff because of the complaints of race discrimination that Plaintiff made to Defendant, which was in violation of Title VII. As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## COUNT 4 - TCHRA RETALIATION

43. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

44. Defendant intentionally retaliated against Plaintiff because of the complaints of race (i.e., African-American) that Plaintiff made to Defendant, which was in violation of the Texas Labor Code § 21.055. As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## COUNT 5 – SECTION 1981 RACIAL DISCRIMINATION

45. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

46. Pursuant to 42 U.S.C. § 1981, Plaintiff pleads a cause of action against Defendant for racial discrimination.

47. Plaintiff was subjected to racially derogatory treatment and treated differently than other non-African-American employees in terms of corporate policy application and discipline. Individuals that engaged in similar or identical behaviors as Plaintiff were not disciplined and were outside of Plaintiff's protected class. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee. As a result of Defendant's discrimination, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## COUNT 6 - SECTION 1981 RETALIATION

48. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

49. Pursuant to 42 U.S.C. § 1981, Plaintiff pleads a cause of action against Defendant

for retaliation. Defendant intentionally retaliated against Plaintiff because Plaintiff complained to Defendant about the race discrimination that Plaintiff experienced while being employed by Defendant.

50. After Plaintiff's protected complaints of the racially discriminatory actions by Defendant, Plaintiff was subjected to increased retaliation, which was in violation of 42 U.S.C. § 1981. As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

### COUNT 7 – HOSTILE WORK ENVIRONMENT (Title VII)

51. Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

52. Plaintiff was subjected to unwelcome harassment throughout the course of his employment by his supervisors and colleagues. Plaintiff alleges that his supervisors and colleagues made humiliating remarks/comments that made Plaintiff feel uncomfortable at work. The hostile treatment, as stated in the facts, unreasonably interfered with Plaintiff's work performance. Plaintiff asserts that any reasonable person in his position would find KISD's actions, by and through management and employees, would be considered to be offensive and severe.

53. The harassment complained of was not an isolated instance, but it affected a term, condition, and/or privileges of Plaintiff's employment in that it, among other effects, caused him to be humiliated, suffer emotional stress, and ultimately interfere with his ability to continue employment at KISD.

54. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe emotional distress, physical and emotional pain, suffering, inconvenience, mental anguish and other pecuniary and non-pecuniary losses in the amount to be determined at trial.

## VII.  JURY DEMAND

41. Plaintiff demands a jury on all issues to be tried in this matter. As such, Plaintiff submits a jury demand and herein submits the jury fee.

## VIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear, and answer herein, and that on final trial, Plaintiff has a judgment against Defendant for the following:

- a. All damages that Plaintiff may be entitled to pursuant to this Original Complaint, or any amendments thereto, including (but not limited to) back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;
- b. Compensatory damages, including (but not limited to) emotional distress;
- c. Past, present, and future physical pain and mental suffering;
- d. Punitive damages;
- e. Liquidated damages;
- f. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);
- g. Pre-judgment interest (at the highest rate permitted by law);
- h. Post-judgment interest from the judgment until paid (at the highest rate permitted by law);
- i. Costs of Court; and
- j. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully Submitted,



/s/ Alfonso Kennard

Alfonso Kennard Jr.
Texas Bar No.: 24036888
Southern District No.:  713316
alfonso.kennard@kennardlaw.com
Eddie Hodges Jr,
Texas Bar No.: 24116523
Southern District No.: 3479748
eddie.hodges@kennardlaw.com
5120 Woodway Dr., Suite 10010
Houston Texas 77056
(713) 742 -0900 (main)
(713) 742 -0951 (facsimile)
**ATTORNEYS-IN-CHARGE FOR PLAINTIFF**