United States District Court
Southern District of Texas
**ENTERED**
March 31, 2023
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMIAH SHORT, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:21-cv-01182 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| KLEIN | § | |
| INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| Defendant. | § | |

### OPINION AND ORDER
### GRANTING MOTION FOR SUMMARY JUDGMENT

The motion by Klein Independent School District for summary judgment is granted. Dkt 16.

1. Background

Plaintiff Jeremiah Short was employed as a teacher at Krahn Elementary School on a probationary contract with Klein Independent School District beginning in June 2018. Short is Black and contends in this action that race discrimination was behind his termination on May 11, 2020. Dkt 10 at ¶¶ 6, 10, 30.

Short was fairly quickly placed on an "Intervention Plan" by Assistant Principal Brianna Walrath (who is White) to address "several performance deficiencies" he exhibited as a fourth-grade teacher during the 2018/19 school year. Dkts 10 at ¶ 13, 16 at 10–11 & 16-1 at 11 (Short deposition). He alleges that the intervention plan was "a pretext to justify Ms. Walrath's discriminatory motive" toward him. Dkt 10 at ¶ 13.

Short alleges that he verbally complained to Principal Frank Ward (who is Black) in March 2019 that Walrath was "harassing" him. Short also complained via letter to human resources in May 2019, where he tried to refute the poor performance reviews he'd received. He claims that nothing was done in response. Dkts 10 at ¶¶ 14, 26, 23 at 498–503 & 16-1 at ¶ 4 (Ward affidavit).

Short returned to Krahn Elementary on another probationary contract for the 2019/20 school year, this time as a second-grade teacher. A new principal and two new assistant principals supervised him during that academic year. Dkt 10 at ¶ 15; see also Dkt 16 at 11. Klein ISD asserts that Short continued to exhibit performance deficiencies throughout that time. Principal Leslie Kompelien (who is White) "identified and addressed concerns with Short's job performance, including issues regarding his instructional practices, unprofessionalism, and his failure to abide by directives." Dkts 16 at 12 & 16-4 at ¶ 4 (Kompelien affidavit).

Short alleges that Kompelien "continuously tried to intimidate [him] by talking down to Plaintiff in an unprofessional manner," and that she (along with Vice Principal Dee Dee Murphy, who is White) harassed him "by undermining his ability to work effectively" and limited his ability to promote "a positive learning environment for children." Dkts 10 at ¶¶ 16–17 & 16-1 at 28 (Short deposition). Specifically, Short describes being subject to sixteen walk-throughs by Kompelien that would take up to ninety minutes each, which eclipsed what was typical both in frequency and duration. Id at ¶¶ 19–21. He also asserts that Murphy would ask his class "suggestive questions to try to implicate Plaintiff in a negative way," and that she would nitpick him with her comments, such as telling him that the material he was teaching was at too high a level for the students. Id at ¶¶ 24–25.

Short alleges that he submitted a complaint against Murphy via email to Kompelien in October 2019. Id at ¶ 25; see also Dkt 23 at 10. He also asserts that he sent an email to Executive Director of Human Resources Martha Werner (who is White) in December 2019 raising issues such as "negative meetings," "walkthroughs," and "surveillance." Dkt 10 at ¶ 28 & 16-5 at ¶ 2, 5 (Werner affidavit); see also Dkt 23 at 519–22. And he claims that he made a formal complaint against Kompelien and Murphy in January 2020 for "constant harassment, verbal assault, and disparate treatment." He complained there of a hostile work environment, but without connecting it to allegations of racial discrimination. Dkt 10 at ¶¶ 27–28; see also Dkt 23 at 505–16.

Kompelien recommended at the end of the 2019/20 school year that Short's probationary contract be terminated because it was "in the best interest of the district." Dkt 16 at 12; see also Dkt 16-4 at 5 (Kompelien affidavit). Short was terminated upon board vote in May 2020. Dkt 10 at ¶ 30.

Short filed a discrimination charge with the Equal Employment Opportunity Commission on May 27, 2020. He received a right to sue letter, dated January 15, 2021. He proceeded to file this lawsuit within the requisite ninety days, on April 12, 2021. Dkts 1 & 10 at ¶¶ 8–9. He asserts claims under Title VII and the Texas Commission on Human Rights Act for race discrimination and retaliation, as well as a hostile work environment claim under Title VII. Dkt 10 at 6–9.

Pending is a motion for summary judgment by Klein ISD after the close of discovery. Dkts 16 & 7 at 2.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the

outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2020). Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015); see also *Celotex Corp v Catrett*, 477 US 317, 322–23 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536. To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012).

3. Analysis

As noted above, Short brings various iterations of claims for hostile work environment, racial discrimination, and retaliation. Klein ISD moves for summary judgment on all claims. Dkt 16.

4

a.   Claim of hostile work environment

The Fifth Circuit holds, "A hostile work environment exists 'when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Stewart v Mississippi Transportation Commission*, 586 F3d 321, 328 (5th Cir 2009), citing *National Railroad Passenger Corp v. Morgan*, 536 US 101, 116 (2002). A *prima facie* claim of hostile work environment requires the plaintiff to show (i) membership in a protected group; (ii) harassment; (iii) the harassment was based on an impermissible factor under Title VII; (iv) the harassment affected a term, condition, or privilege of employment; and (v) the employer knew or should have known of the harassment yet failed to address it promptly. *Hernandez v Yellow Transportation Inc*, 670 F3d 644, 654 (5th Cir 2012) (quotations omitted).

Klein ISD argues that Short can't demonstrate that he experienced a hostile work environment because he simply "inferred" hostility, but "admitted in his deposition" that Klein ISD and its employees "never used racist language." Dkt 16 at 25 (collecting citations). Short nowhere defends this claim in his response. See Dkt 23.

"When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned." *Arias v Wells Fargo Bank, NA*, 2019 WL 2770160, *2 (ND Tex), citing *Black v Panola School District*, 461 F3d 584, 588 n1 (5th Cir 2006), and *Hargrave v Fibreboard Corp*, 710 F2d 1154, 1164 (5th Cir 1983); see also Rule 7.4, Local Rules of the United States District Court for the Southern District of Texas.

The claim for hostile work environment will be dismissed as abandoned.

b.   Claims based on the 2018/19 school year

A plaintiff asserting a discrimination claim must file a charge of discrimination within 180 days of the alleged act—or within 300 days in "deferral" states like Texas.

See *Carter v Target Corp*, 541 F Appx 413, 419 (5th Cir 2013). Klein ISD argues that Short's claims relating to the 2018/19 school year are time-barred because (i) they were filed more than 300 days after the alleged discrimination, and (ii) regardless, he didn't "timely exhaust administrative remedies and did not raise his specific complaints about Walrath in a charge within the limitations period." Dkt 16 at 14.

The *continuing-violation doctrine* "is a federal common law doctrine governing accrual" presently limited to claims of hostile work environment. *Heath v Board of Supervisors for Southern University and Agricultural and Mechanical College*, 850 F3d 731, 740 (5th Cir 2017). Where applicable, it allows a single unlawful employment practice to accrue within the limitations period when some of the continuous conduct occurred during that time. Ibid.

Short argues that the Fifth Circuit has found that this doctrine "may apply to all Title VII claims," and thus his claim may proceed. Dkt 23 at 14, citing *Messer v Meno*, 130 F3d 130 (5th Cir 1997) (applying doctrine to discrimination claim). Not so. In *National Railroad Passenger Corp v. Morgan*, the United States Supreme Court distinguished discrete acts that form the basis of discrimination claims from the continuing conduct that forms the basis of a hostile work environment claim. 536 US 101, 114–15 (2002). The Fifth Circuit thus holds that "claims alleging discrete acts are not subject to the continuing violation doctrine." *Heath*, 850 F3d at 737; see also *Gray v Garland*, 2022 WL 1138259, *4 (SD Tex) (stating that, where applicable, doctrine applies only to claims of hostile work environment and not to retaliation or discrimination).

Short's claim related to a supposed hostile work environment claim won't proceed forward for reasons addressed above. The continuing-violation doctrine isn't applicable to his other claims that pertain to discrete acts during the 2018/19 school. Summary judgment will thus be entered on these claims.

c.   Claims based on the 2019/20 school year

Short hasn't alleged any direct evidence to support his claims of discrimination and retaliation. Because he relies on circumstantial evidence, his claims are subject to the familiar burden-shifting approach set down in *McDonnell Douglas Corp v Green*, 411 US 792 (1973). This burden-shifting framework applies to discrimination and retaliation claims under Title VII and TCHRA. See *EEOC v LHC Group, Inc*, 773 F3d 688, 694 (5th Cir 2014) (applying to discrimination claims); *Lyons v Katy Independent School District*, 964 F3d 298, 304 (5th Cir 2020) (applying to retaliation claims); *Shackelford v Deloitte & Touche, LLP*, 190 F3d 398, 403 n 2 (5th Cir 1999) (finding law governing Title VII and TCHRA identical).

Under this approach, the plaintiff "must carry the initial burden under [Title VII] of establishing a prima facie case." *McDonnell Douglas*, 411 US at 802. If this burden is met, it then shifts "to the employer to articulate some legitimate, nondiscriminatory reason" for the employee's termination. Ibid. If the employer does so, the plaintiff must then be "afforded a fair opportunity to show that" the stated reason "was in fact pretext." Id at 804; see also *Reeves v Sanderson Plumbing Products, Inc*, 530 US 133, 143 (2000) (same).

i.   Discrimination

To establish a *prima facie* case in discrimination actions, the plaintiff must show that he or she (i) is a member of a protected class, (ii) was qualified for the position, (iii) was subject to an adverse employment action, and (iv) the employer selected someone outside the protected class, or (in the case of disparate treatment) that other similarly situated employees were treated more favorably. See *Okoye v University of Texas Houston Health Science Center*, 245 F3d 507, 512–13 (5th Cir 2001); *Bryan v McKinsey & Co, Inc*, 375 F3d 358, 360 (5th Cir 2004) (quotations omitted).

Adverse employment actions include "ultimate employment decisions" such as "hiring, granting leave,

7

discharging, promoting, or compensating." *King v Louisiana*, 294 F Appx 77, 84 (5th Cir 2008). Only Short's termination may properly be characterized as an adverse employment action.

The parties dispute whether similarly situated employees outside of Short's protected class were treated more favorably. Short points to two other teachers who received the same standard Texas performance evaluation as him—Jessica McMillian (who is White) and Ann Do-Phillips (who is Asian). He alleges that McMillan and Do-Phillips weren't subject to the same "aggressive monitoring and micro-managing" because they received less than half of the walk-throughs that he did, and they weren't terminated. Id at 18. Klein ISD objects that (i) McMillian and Do-Phillips aren't proper comparators, (ii) no other teacher exhibited the same performance deficiencies as Short, and so (iii) Short wasn't treated less favorably than other similarly situated teachers. Dkt 16 at 18.

The Fifth Circuit requires comparators to be "nearly identical" in "circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." "Critically," for Short's case, "the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." *Lee v Kansas City Southern Railway Co*, 574 F3d 253, 260 (5th Cir 2009).

Klein correctly notes that Short cites no document showing that McMillian and Do-Phillips received the same performance evaluation as him. Indeed, the only document he points to is his January 2020 memorandum to Werner, where he discusses a behavioral incident of a student in McMillian's class and Murphy making negative comments to McMillian. Dkt 23 at 13, 381. But even assuming that McMillian and Do-Phillips scored the same as Short on the standard performance evaluation, he hasn't otherwise presented evidence to show that they engaged in "nearly

identical" conduct. Nothing in the record establishes that McMillian and Do-Phillips are proper comparators.

Even if it were assumed that Short met his burden to establish a *prima facie* case, Klein ISD enumerates a host of non-discriminatory and non-retaliatory reasons why Short was terminated:

> (1) failure to maintain classroom discipline, structure, and safety; (2) failure to establish efficient and effective behavioral expectations and routines for students; (3) failure to monitor student to ensure their safety; (4) incorrect calibration of student literacy data; (5) failure to participate in requisite training; (6) failure to follow the District's scope and sequence for the second grade or use grade-level resources; (7) failure to collaborate and cooperate with colleagues; (8) failure to plan with his colleagues weekly; (9) demeaning, hostile, and intimidating communications and conduct toward colleagues and parents, which resulted in complaints; (10) failure to submit planning documentation timely; (11) failure to respond to communications from supervisors timely; (12) violations of FERPA; and (13) violations of official directives.

Dkt 16 at 22; see also Dkt 16-4 at 5 (Kompelien affidavit).

To show that the employer's proffered reasons are pretextual, the plaintiff must create a genuine issue of material fact by offering sufficient evidence that *either* the defendant's reason is just a pretext for discrimination, meaning that the reason itself isn't even true, *or* (even if true) the plaintiff's "protected characteristic" is still "another motivating factor." *Rachid v Jack in the Box, Inc*, 376 F3d 305, 312 (5th Cir 2004), abrogated on other grounds by *Gross v FBL Financial Services, Inc*, 557 US 167 (2009) (cleaned up).

Short's only response is to assert that Klein ISD "failed to follow its own policy and continuously monitored and performed more walkthroughs on Plaintiff and failed to take into consideration his student performance," while restating that other similarly situated employees outside his protected class who had "more chaotic students" were "allowed to retain their position without the rigorous monitoring." Dkt 23 at 19. But this again offers no actual evidence in support of Short's position. And conclusory statements of this type are insufficient to create a genuine dispute of material fact as to pretext. *Freeman v Texas Department of Criminal Justice*, 369 F3d 854, 860 (5th Cir 2004).

The motion for summary judgment will thus be granted against the discrimination claim.

### ii.   Retaliation

To make out a *prima facie* case for retaliation, a plaintiff must establish that (i) he or she engaged in protected activity, (ii) he or she experienced an adverse employment action, and (iii) a causal link exists between the protected activity and the adverse action. *Saketkoo v Administrators of Tulane Educational Fund*, 31 F4th 990, 1000 (5th Cir 2022) (quotations omitted).

Only the dispute as to whether Short engaged in a *protected activity* need be considered. This "can consist of either: (1) opposing any practice made an unlawful employment practice by Title VII or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII." *Saketoo v Tulane University School of Medicine*, 510 F Supp 3d 376, 393 (ED La 2020) (cleaned up), citing *EEOC v Rite Way Service Inc*, 819 F3d 235, 239 (5th Cir 2016).

Short claims that he engaged in protected activity due to his "Level 1 Complaints in December 2019 and January 2020." Dkt 23 at 20. But he testified to the contrary in his deposition, stating that his 2019 complaint was simply an email to Kompelien and not a formal complaint. Dkt 16-1 at 39 (Short deposition). And neither his email in December

10

2019 email nor his "formal complaint" in January 2020 link any treatment to race. Dkt 23 at 505–16, 519–22. What's more, he was asked at several points in his deposition about other various complaints made via email or in person and whether he linked his complaints to (or mentioned) his race. He repeatedly responded that he did not. See Dkt 16-1 at 17, 18, 21, 40, 42, 47, 52, 53, 54, 55, 56, 58 & 59 (Short deposition). He instead asserted that his complaints of disparate treatment could be *inferred* to be complaints about race because he is a Black educator. Id at 58.

The Fifth Circuit holds that "a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Davis v Dallas Independent School District*, 448 F Appx 485, 493 (5th Cir 2011). This means here that Short hasn't shown that he engaged in a protected activity with regard to Title VII. Quite simply, his complaints made general assertions that he was mistreated—but without ever connecting that mistreatment to his race. As such, he can establish neither that he engaged in protected activity prior to his termination nor that retaliation occurred.

The motion for summary judgment will thus be granted against the retaliation claim.

### 4.   Conclusion

The motion by Defendant Klein Independent School District for summary judgment is GRANTED.

A final judgment will enter by separate order.


SO ORDERED.


Signed on March 31, 2023, at Houston, Texas.


Hon. Charles Eskridge
United States District Judge

11